**Robert A. AMANTO**

v.

**Anthony WITLIN, Esquire, et al.**

**Civ. A. No. 81–4706.**

United States District Court,
E. D. Pennsylvania.

July 29, 1982.

Ben W. Joseph, Philadelphia, Pa., for Robert A. Amanto, plaintiff.

Robert J. Simmons, Deputy City Sol., Philadelphia, Pa., for defendants.

## MEMORANDUM

GILES, District Judge.

Robert Amanto seeks injunctive relief as well as compensatory and punitive damages for alleged violation of his civil rights under 42 U.S.C. § 1983.[1] He asserts that the defendants conspired to deprive him of due process during hearings held to determine his eligibility for disability benefits. Defendants are the Board of Pensions and Retirement of the City of Philadelphia, (the "Board"), the Board's executive director, Anthony Witlin, and members of the medical panel employed by the Board. Jurisdiction is alleged to exist by virtue of 28 U.S.C. § 1331 as a civil action arising under the Constitution of the United States, as well as 28 U.S.C. § 1343(3) and (4).

Defendants have moved to dismiss plaintiff's complaint for failure to state a cause of action pursuant to Fed.R.Civ.Pro. 12(b)(6). For the reasons which follow, defendant's motion to dismiss shall be granted.

In evaluating a motion to dismiss, the allegations of the complaint and all reasonable inferences that can be drawn from it must be accepted as true and viewed in the light most favorable to the non-moving party. *Miree v. DeKalb County*, 433 U.S. 25, 27 n.2, 97 S.Ct. 2490, 2492 n.2, 53 L.Ed.2d 557 (1977); *Kugler v. Helfant*, 421 U.S. 117, 125 n.5, 95 S.Ct. 1524, 1531 n.5, 44 L.Ed.2d 15 (1975); *Empire Abrasive Equipment Corp. v. H.H. Watson, Inc.*, 567 F.2d 554, 557 (3d Cir. 1977).

Amanto was employed as a Philadelphia policeman from December 1965 to December 1971 during which time he paid $3,108.00 into the pension fund managed by the Board. In August of 1970 plaintiff suffered a neck injury when his patrol car was involved in an accident. In December 1971, Amanto was dismissed from his job because of problems pertaining to his neck injury.[2]

On April 15, 1981, Amanto applied for permanent disability benefits under the Philadelphia Retirement System Ordinance, (the "Ordinance").[3] According to the applicable regulations, plaintiff filed his application with the Board, a medical panel appointed by the Board evaluated his claimed physical disability and submitted its findings and recommendations to the Board for decision.[4] Based upon the panel's recommendations, the Board denied Amanto's application for benefits.

Amanto now alleges that the Board improperly denied him benefits because he did not present "objective evidence" of his neck

---

1. Plaintiff also has pendent state claims for fraud, misrepresentation, non-disclosure, deceit and intentional infliction of emotional distress.

2. Amanto applied for temporary disability benefits under Philadelphia Civil Service Regulation 32, but was denied benefits because the Police Department found his disability was not service connected. He appealed the denial and won a judgment in the Commonwealth Court of Pennsylvania in July, 1980 which entitled him to benefits for three years, the maximum length of time under the regulations. *Smith v. Civil Serv. Comm.*, 53 Pa.Cmwlth. 164, 417 A.2d 810, 816 (1980). These benefits and the proceedings instituted to obtain them are not the subject of this action.

3. The pension benefits are available to a municipal employee found by the Board to be permanently incapacitated from further performance of duty, which incapacity resulted solely from the performance of the duties of his position. (Other qualifications not relevant here must also be met). Philadelphia, Pa., Municipal Retirement System Ordinance section 206.1. (Approved December 6, 1956).

4. The Ordinance provides for appeal of Board decisions either to the courts or to a designated panel of three Board members. Ordinance, section 112.2.

injury and that the Ordinance does not require such proof. He also alleges that relevant medical information submitted by his doctors was not presented to the Board. Finally, he contends that defendant Dr. Weider, a doctor on the medical panel, submitted his report to the Board's executive director, and altered his conclusion subsequently to Amanto's detriment. Allegedly, Dr. Weider backdated his report and presented the revised version to the Board which was never told of Weider's changed opinion or conclusion.

After the Board's unfavorable decision, Amanto requested an evidentiary hearing before the Board to present additional testimony and to cross-examine one of the Board's physicians in connection with his challenges to the first proceeding. The hearing was granted on the condition that he first undergo a psychiatric examination by a member of the medical panel. Amanto took exception to the requirement, maintaining that it was just further evidence of the conspiracy to deprive him of his benefits and refused to be examined. The Board deferred the hearing subject to his compliance. Amanto then brought this suit.

To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that the defendants acted under color of state law and that their conduct deprived him of some right or privilege protected by the Constitution of the United States. *See Baker v. McCollan*, 443 U.S. 137, 140, 99 S.Ct. 2689, 2692, 61 L.Ed.2d 433 (1979); *Phillips v. Trello*, 502 F.2d 1000, 1004 (3d Cir. 1974). Here, Amanto contends that he has a protected property interest in the disability benefits.

Plaintiff may indeed have a protected right to an impartial determination of his eligibility for benefits under the governing ordinance.[5] However, his due process property deprivation claims are premature because his application is still under review.

Amanto has been granted the second or additional hearing he demanded. After that hearing, the medical panel will make a recommendation to the Board pursuant to section 112.2 of the Ordinance. Plaintiff's claims during the first proceeding may well be resolved or mooted as a result of the proposed hearing.

 Plaintiff asserts that he is not required to exhaust all state remedies before filing suit under section 1983. However, the issue of exhaustion does not have to be addressed because the question here is one of ripeness, not exhaustion. Amanto has been granted a hearing to review the Board's decision and his challenges to that decision. There must at least be some definitive administrative determination resulting in a denial or deprivation of due process before he can raise such a claim. Until there is a final decision which has practical impact on a litigant, it is not ripe for adjudication. *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148–54, 87 S.Ct. 1507, 1515–1518, 18 L.Ed.2d 681 (1967); *United States ex rel. Ricketts v. Lightcap*, 567 F.2d 1226, 1232 (3d Cir. 1977) (dictum) (usual ripeness standard applies in section 1983 cases). The basic rationale underlying the ripeness standard as articulated by the Supreme Court is to "prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Abbott*, 387 U.S. at 148–49, 87 S.Ct. at 1515.

The parties agree that Amanto is entitled to a full and fair hearing on his application. The only bar to Amanto being accorded this comprehensive review is his own refusal to comply with the Board's condition that he undergo a psychiatric examination. Under

---

5. A governmental benefit is a constitutionally protected property interest if the individual has a legitimate claim of entitlement to it, supported by the rules of the agency that provides the benefit. *Parratt v. Taylor*, 451 U.S. 527,

529 n.1, 101 S.Ct. 1908, 1910 n.1, 68 L.Ed.2d 420 (1981) (quoting *Board of Regents v. Roth*, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)).

the applicable regulations, the Board is squarely within its authority to require him to submit to such an examination. Sections 117.1 and 117.2 of the Ordinance authorize the Board to employ physicians to conduct medical examinations in order to evaluate an employee's physical or mental condition pursuant to section 206.1(a). A psychiatric examination falls within the ambit of medical examinations which would aid the Board in evaluating an applicant's physical or mental condition, particularly in a case such as this where there is an issue as to the subjective nature of plaintiff's complaints.[6]

Plaintiff does not assert that the regulations themselves are violative of due process, nor does he assert that the Board is acting beyond its authority under the regulations by requiring a psychiatric examination. But for Amanto's refusal to comply with a valid request by the Board, he would receive the due process hearing which he seeks.

Accordingly, the court finds that plaintiff has failed to state a claim cognizable under 42 U.S.C. § 1983, and his complaint must be dismissed.

---

**6.** Since plaintiff argues that subjective and not objective evidence of injury should be sufficient to establish entitlement to benefits, he can hardly argue that psychiatric evidence, which may be probative of the issue of subjectivity, is inappropriate or irrelevant here.